The Honorable Michelle L. Peterson

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BENJAMIN H. PFUND, Jr.,<br><br>Defendant. | NO. MJ22-603<br><br>COMPLAINT FOR VIOLATIONS:<br>18 U.S.C. § 2251(a), (e) |

BEFORE, the Honorable Michelle L. Peterson, United States Magistrate Judge, U.S. Courthouse, Seattle, Washington.

### COUNT 1
### (Production of Child Pornography)

In or about 2022, in King County, within the Western District of Washington, and elsewhere, BENJAMIN H. PFUND, Jr., employed, used, persuaded, induced, enticed, and coerced a minor, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct and transmitting any live visual depiction of such conduct, and attempted to do so, knowing and having reason to know that such visual depiction would be transported and transmitted using any means or facility of interstate and foreign commerce, such visual depiction was transported and transmitted using any means or facility of interstate and foreign commerce and in and affecting interstate and

COMPLAINT/*United States v. Pfund* - 1
MJ22-603, USAO# 2022R01404

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

foreign commerce, and such visual depiction was produced using materials that had been mailed, shipped, and transported in interstate and foreign commerce.

All in violation of Title 18, United States Code, Section 2251(a), (e).

And the complainant states that this Complaint is based on the following information:

I, Special Agent Benjamin M. Williamson, being duly sworn under oath, depose and say:

## INTRODUCTION

1. I am a Special Agent with the Federal Bureau of Investigation (FBI) and have been so since February 2007. I am assigned to the FBI Seattle Division, Child Exploitation and Human Trafficking Task Force. As an FBI Special Agent, I have received extensive training in a variety of investigative and legal matters of violations of federal and state law. I have participated in numerous Child Exploitation investigations as the primary investigator or in a subsidiary role. I have received training in the area of child pornography and child exploitation and have had the opportunity to observe and review numerous examples of child pornography (as defined in 18 U.S.C. § 2256) in all forms of media including computer media. Moreover, I am a federal law enforcement officer who is engaged in enforcing the criminal laws, including 18 U.S.C. §§ 2251, 2252, and 2252A, and I am authorized by law to request a search warrant.

2. The facts set forth in this Complaint are based on my own personal knowledge; knowledge obtained from other individuals during my participation in this investigation, including other law enforcement officers; review of documents and records related to this investigation; communications with others who have personal knowledge of the events and circumstances described herein; and information gained through my training and experience. I have not set forth all facts known to me as a result of this investigation but only those facts I believe necessary to establish probable cause to conclude that BENJAMIN H. PFUND, Jr., committed the offense(s) charged in this Complaint.

COMPLAINT/*United States v. Pfund* - 2
MJ22-603, USAO# 2022R01404

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## SUMMARY OF THE INVESTIGATION

3. In December 2022, I received information from FBI headquarters concerning an individual who communicated with an undercover FBI agent and claimed to be sexually abusing a young girl.

4. This individual shared a photo of this young girl ▮▮▮▮▮▮▮▮▮▮▮▮ Through further investigation, I identified this young girl as MV1, a child ▮▮▮▮▮▮

5. On December 29, 2022, I led the law enforcement team executing a search warrant at this ▮▮▮▮ home. Among others, I encountered BENJAMIN H. PFUND, Jr., ▮▮▮▮▮▮▮▮▮▮▮▮ in the residence. I advised PFUND of his constitutional rights, which he acknowledged he understood. And he provided the following information in a recorded interview:

- He has been sexually abusing MV1 for approximately two years. The acts of abuse include physical contact between his hands and mouth and MV1's genitals, as well as the penetration of MV1's vagina with his tongue. PFUND also described multiple instances in which MV1 touched, pulled on, and kissed his penis.

- In the summer of 2022, he created sexually explicit imagery of MV1 and shared that imagery with another offender over the internet. Specifically, he took photos of MV1's exposed genitals while she was posed in a dress with no underwear.

- He sent this imagery after receiving images purporting to be of that other offender's own child victim. He advised he produced these images with the intent to send the images to this other offender.

- He regularly uses the anonymous Tor network to access websites dedicated to the sexual exploitation of minors and child sexual abuse imagery.

COMPLAINT/*United States v. Pfund* - 3
MJ22-603, USAO# 2022R01404

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

- While accessing these websites, he has both posted child sexual abuse imagery to them to be shared with other users and downloaded that imagery for his own sexual gratification.
- He identified a Seagate external hard drive that he used to store child sexual abuse imagery he downloaded. However, he claimed that he deleted all the imagery from that drive approximately one week ago.
- He said he has had a sexual attraction to minor females most of his life and explained his sexual preference is for pubescent girls between ten years old and their early teens.
- He acknowledged sending non-sexually explicit photographs of MV1 to other offenders online on multiple occasions.

6. During the search, agents seized several digital devices used by PFUND. A forensic preview revealed evidence of the software used to access the Tor network as well as a specialized software program designed to erase digital evidence from a storage device. The forensic preview of the external hard drive uncovered no files depicting child sexual abuse. This hard drive and the other devices seized during the search will be further examined in a controlled forensic setting.

7. During a child forensic interview, MV1 confirmed that PFUND had taken nude photos of her in the past ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆. MV1 did not disclose any acts of physical sexual abuse, however.

8. During a child forensic interview of ▆▆▆▆▆▆▆▆▆▆▆▆ MV2, MV2 described a game she and MV1 played in which they would touch each other's genitals.

9. When asked about this statement, PFUND said he was unaware of this game but believed it likely arose due to his ongoing sexual abuse of MV1.

COMPLAINT/*United States v. Pfund* - 4
MJ22-603, USAO# 2022R01404

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## CONCLUSION

10. Based on the above facts, I respectfully submit that there is probable cause to believe that BENJAMIN H. PFUND, Jr., committed the offense(s) charged in this Complaint.

BENJAMIN M. WILLIAMSON, Affiant
Special Agent, FBI

SUBSCRIBED and SWORN to before me this 30th day of December, 2022.

MICHELLE L. PETERSON
United States Magistrate Judge

COMPLAINT/*United States v. Pfund* - 5
MJ22-603, USAO# 2022R01404

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970